UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 1:91-CV-10482-RWZ

BRUCE ANDERSON

v.

MATTHEW DIVRIS, Superintendent of M.C.I.-Norfolk[1]

MEMORANDUM & ORDER

June 6, 2023

ZOBEL, S.D.J.

I. **Background**

Thirty-four years ago, in 1989, Petitioner Bruce (not "Paul") Anderson was convicted of first-degree murder and sentenced to life imprisonment without parole by the Massachusetts Superior Court. In 1991, Petitioner filed his first habeas corpus petition pursuant to 28 U.S.C. § 2254 in this court, which was denied in 1993. That ruling was affirmed by the Court of Appeals for the First Circuit ("First Circuit") in 1994. The Supreme Court of the United States then denied Petitioner's writ of certiorari.

Twenty-six years later, on March 6, 2020, Petitioner filed in the First Circuit an Application for Leave to File a Second or Successive Habeas Petition pursuant to 28 U.S.C. § 2254(b), which is now before this court pursuant to their Judgment issued on March 22, 2021.[2] The Application is denied, for the reasons stated below.

---

[1] When Petitioner first initiated this action in 1991, the Superintendent of M.C.I.-Norfolk was Norman Butler, and the case caption so reads.
[2] The First Circuit's March 22, 2021 Judgment was originally docketed in the wrong Anderson case. It was docketed in this case on May 4, 2023.

1

II. **Standard**

"A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless (A) the applicant shows that the claim relies on a new rule of constitutional law . . . ; or (B)(i) the factual predicate for the claim could not have been discovered previously . . .; and (ii) . . . but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2). "A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain (1) newly discovered evidence . . .; or (2) a new rule of constitutional law . . . ." 28 U.S.C. § 2255(h).

III. **Discussion**

Because the First Circuit already ruled that Petitioner does not meet the "gatekeeping provisions set out at § 2244(b)(2)," the application must be dismissed if it required pre-authorization. Anderson v. Divris, No. 20-1316 (1st Cir. Mar. 22, 2021); see also Pratt v. United States, 129 F.3d 54, 57 (1st Cir. 1997). However, it declined to rule on the pre-authorization issue and instead issued a Judgment transferring that question to this court. In so doing, it also referred to a ruling by the Court of Appeals for the Fifth Circuit, that a motion for relief from judgment, pursuant to Fed. R. Civ. P. 60(b), does not require pre-authorization. See Clark v. Davis, 850 F.3d 770, 779 (5th Cir. 2017).

First, unlike the petitioner in Clark, the Petitioner in this case has not filed a Rule 60(b) motion. Second, even if he had invoked Rule 60(b), it would be too late. See id. at 782 (holding 16-month delay unreasonable and citing cases holding 5-month, 6-month, 8-month, 12-month, 19-month, and 3-year delays unreasonable); Gillis v. Chase, 894

2

F.3d 1, 3 (1st Cir. 2018) (holding 4-year and 21-month delays unreasonable and therefore Rule 60 motion untimely).  Petitioner now claims that his counsel erred (1) at trial, by failing to object to certain statements made by the prosecutor, and (2) on direct appeal by failing to challenge the admission of blood evidence.  Both claims derive from conduct that occurred approximately thirty years ago.  As the First Circuit noted, "Anderson offers no reason to believe he previously was unaware of the conduct animating the two claims he now proffers (or, at the very least, could not have learned of that conduct with the exercise of due diligence)."  Anderson v. Divris, No. 20-1316 (1st Cir. Mar. 22, 2021).

**IV.   Conclusion**

Petitioner's Application for Leave to File a Second or Successive Habeas Corpus Petition is DENIED.  A certificate of appealability shall issue.

June 6, 2023
DATE

RYA W. ZOBEL
SENIOR UNITED STATES DISTRICT JUDGE